Abraham D. Hahn and Joseph Rhoads *v.* Leonard Smith.

This balance was claimed also, by *Hahn* and *Rhoads,* under the following circumstances. On the same day *Huntzecker's* land was sold, but after the sale, he executed a judgment bond to *Hahn* for two hundred dollars, which was entered on record on the 29th, June, 1829, and upon which, on the 1st August, 1829, an execution issued, with direction to the sheriff to levy upon, or retain this balance of three hundred and five dollars and thirty-six cents.

*Rhoads,* on the 1st July, 1829, obtained a judgment bond from *Huntzecker,* which was entered of record on the 14th July, 1829, and which he claimed to be a lien on the land, and entitled to the residue of this balance, after the payment of *Hahn's* judgment and execution.

The court below, (*Chapman,* president,) was of opinion, that the judgments of *Hahn* and *Rhoads,* entered after the sale by the sheriff, were not liens upon the land, although the deed to the purchaser was not acknowledged until a subsequent time; and that the acknowledgment of the deed had relation back to the time of sale.

The court was also of opinion, that the agreement between *Huntzecker* and *Smith,* in relation to the surplus after the payment of liens, and the order of *Huntzecker* to the sheriff, in favor of *Smith,* was a legal appropriation or transfer of that surplus, and therefore the execution in favor of *Hahn* was not a lien upon it in the hands of the sheriff. Judgment was therefore rendered for the plaintiff. To which opinion the defendants excepted.

*Sterrett,* for plaintiffs in error.

*Merrill* and *Lashells,* contra.

Judgment affirmed.

---

## DANIEL LEMON *against* JOHN BISHOP.

Where a plaintiff and defendant reside in the same town, a copy of a notice to take depositions left at the house of the defendant, with the defendant's daughter, by the plaintiff, more than ten days before the day appointed for taking the depositions, is not a sufficient service of notice.

ERROR to the Common Pleas of Union county.

Upon the trial of this cause in the court below, the plaintiff offered in evidence a deposition, which the defendant objected to, on the ground that legal notice of the taking of it had not been given to him.

*Daniel Lemon,* the plaintiff, having been sworn, said, he left a copy of the notice more than ten days before the taking of the deposition, at *Bishop's* house; he gave it to his daughter, who was about eighteen years of age. *Bishop* was not at home, and his

(Daniel Lemon v. John Bishop.)

wife was unwell; his daughter said he was at Weirichstown, about four miles from home; he did not see *Bishop*, after the notice was served, until after the deposition was taken; he did not call in the evening to see if *Bishop* got the notice. They live in the same town, about two squares from each other; he, the plaintiff, left town the next morning, and did not return until after the deposition had been taken.

The court did not deem the notice sufficient, and overruled the evidence. The rule of court on the subject did not provide for the kind of service of notice which was necessary.

*Merrill*, for plaintiff in error, cited *Bauman & wife v. Zinn, et al.* 3, *Yeates,* 157. *Bujac v. Morgan,* 3 *Yeates,* 258.

*Lashells,* contra, cited *Voris v. Smith* 13, *Serg. & Rawle,* 334.

Judgment affirmed.

---

ABEL WHITE *against* MARY WEEKS.

Where no consideration is expressed in a deed of bargain and sale, parol evidence may be given to show that a consideration did pass from the grantee to the grantor.

WRIT of error to the Common Pleas of Lycoming county.

This was an action of ejectment brought by *Mary Weeks*, the defendant in error, against *Abel White.*

The plaintiff, in order to make out her title to the land in controversy, offered in evidence a deed of which the following is a copy, together with parol evidence of the consideration thereof.

"I do hereby sell, assign, transfer and set over unto *Mary Weeks*, any piece, tract or parcel of land which may be found to belong to me, as part of my purchase of the estate of *Jesse Weeks*, deceased; provided nevertheless, that this grant shall not be taken or construed in any manner to interfere with *Samuel M'Lees*, or to include any land granted, or intended to be granted in my deed, dated 30th July, 1825, to said *Samuel M'Lees*.

"Witness my hand and seal, January 14th, 1826.

"*Elijah Babbitt*," [SEAL.]

This evidence was objected to by the defendant, the objection was overruled by the court, and exception taken.

*Campbell*, for plaintiff in error.

No particular set of words are necessary to constitute a deed of bargain and sale. 1 *Wils. Bac. Ab.* 468. *Jackson v. Alexander*, 3 *Johns. Rep.* 484. To the validity of such a deed a valuable consideration is essential. 1 *Wils. Bac. Ab.* 469. *Jackson v. Sebring,*